NGUYEN, Circuit Judge, dissenting: I respectfully dissent. The ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Parsons’ opinion. In concluding otherwise, the majority makes the same mistake as the ALJ, conflating Burky’s cognitive abilities with his limited social functioning. The ALJ rejected Dr. Parson’s opinion on the grounds that it was inconsistent with the medical evidence and her own treatment notes. The record, however, is replete with Dr. Parsons’ lengthy observations and assessments as to Burky’s limited social (as opposed to cognitive) functioning, which the ALJ failed to address despite the fact that these findings were corroborated by Dr. Tromp and Burky’s testimony.[1] For example, Dr. Parsons noted the following: in June 2012, Burky would suffer panic attacks if he tried to leave his house; in August and October 2012, Burky continued to suffer panic attacks and associated with no friends or organizations; in January, 2013, Burky had not left home for weeks and suffered from continued irritability, panic attacks and agoraphobia. While an ALJ “need not discuss all evidence presented,” he must “explain why significant probative evidence has been rejected.” Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (internal quotation marks omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 676 (9th Cir. 2017) (holding that an ALJ’s failure to apply the appropriate factors enumerated in section 404.1527(c) in rejecting the treating physician’s opinion “alone constitutes reversible legal error.”). Because the ALJ failed to do so here, I would reverse and remand. . The majority, like the ALJ, rely on Dr. Tramp's statement that medication helped Burky’s mood symptoms, but ignore Dr. Tramp’s ultimate conclusion that "[Burky] would likely have significant anxiety in social settings in general, particularly those with large groups of people.”